UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

ENRIQUE MEDINA,
              Defendant.

REPORT AND RECOMMENDATION
20-CR-6101-07-EAW-MJP

**Pedersen, M.J.** On September 7, 2021, the Court held oral argument for Defendant's Omnibus Motion (ECF No. 523.) The Court reserved on the issue of suppression of tangible evidence. For the reasons stated below, the Court recommends that the District Court deny the motion for suppression of physical evidence.

### *Suppression of Evidence Recovered from 143 Windmill Trail*

In a one-sentence argument, Defendant challenges the seizure of cash and jewelry at 143 Windmill Trail. (Mot. for Release of Brady Materials ¶ M, ECF No. 523.) Defendant does not identify the basis of this challenge, nor any basis to establish standing to challenge the search and seizure:

> M. 143 Windmill Trail Search and Seizure 1. The search and seizure of cash and jewelry at the alleged residence of Defendant was not supported by probable cause and further may have been based on inaccurate, untruthful information and Defendant requests a Hearing on this issue as to the No-Knock Warrant.

(Mot. for Release of Brady Materials, ¶ M, ECF No. 523.) Additionally, the Defendant did not file an affidavit of standing. The Court ordered that the affidavit should be filed by September 10, 2021:

> Minute Entry for proceedings held before Hon. Mark W. Pedersen: Oral Argument held on 9/7/2021. Appearances: James A. Napier, Esq.; Everardo A. Rodriguez, AUSA. Parties argue the Omnibus Motions, written order to be issued. Deft will have until 9/10/2021 to submit an affidavit regarding the search warrant standing. No further dates set at this time. (Court Reporter FTR Gold.)(JB) (Entered: 09/09/2021)

(Minute Entry for Oral Argument on Omnibus Mot., ECF No 548.) On November 22, 2021, the Court issued another text order:

> TEXT ORDER: Despite setting a date of September 10, 2021, by which the defense was to furnish the Court with an affidavit concerning standing, none has been received. The Court will take the motion under advisement on November 24, 2021. Defendant may have until the close of business on that date to submit an affidavit of standing. SO ORDERED. Signed by Hon. Mark W. Pedersen on 11/22/2021.(NJJ) (Entered: 11/22/2021)

(Text Order, ECF No. 582) The Court has not received an affidavit. In addition to Defendant failing to show standing, Defendant has not outlined the basis for challenging the seizure. As Defendant has not provided a basis to challenge the search and seizure, the Court recommends the District Judge deny the motion to suppress.

## CONCLUSION

For the reasons stated above, the Court recommends the District Judge deny Defendant's motion for to suppress physical evidence.

Pursuant to 28 U.S.C. § 636(b)(1), the undersigned hereby

**ORDERS**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York.

The district court will ordinarily refuse to consider on de novo review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order**. *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 59(b) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

SO ORDERED.

DATED:   November 30, 2021
         Rochester, New York

_____
MARK W. PEDERSEN
United States Magistrate Judge